Case 1:03-cr-00270-SOM   Document 41   Filed 08/30/2006   Page 1 of 5

PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 3 0 2006

at 3 o'clock and 2 min. PM
SUE BEITIA, CLERK

# United States District Court

for the

## DISTRICT OF HAWAII

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender: EDGAR WILLIAMS            Case Number: CR 03-00270SOM-01

Name of Sentencing Judicial Officer: The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 10/18/2004

Original Offense: Counts 1 to 3: Possession With Intent to Distribute and Distribution of Methamphetamine Within 1,000 Feet of an Elementary School, in violation of 21 U.S.C. §§ 841(a)(1) and 860, Class B felonies

Original Sentence: Twelve (12) months and two (2) days imprisonment as to each count, with all terms to run concurrently, to be followed by six (6) years supervised release as to each count, with all terms to run concurrently. The following special conditions were ordered: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant participate in anger management counseling at the discretion and direction of the Probation Office; 4) That the defendant provide the Probation Office access to any requested financial information; and 5) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

Type of Supervision: Supervised Release    Date Supervision Commenced: 7/25/2005

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

Mandatory Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. General Condition | The subject's urine specimen submitted on 8/9/2006 tested positive for marijuana and methamphetamine. |
| 2. Special Condition No. 1 | The subject refused to comply with drug testing on 7/19/2006. |

On 7/25/2005, the subject began his term of supervision under the U.S. Probation Office, District of Hawaii. During his processing, the subject was referred for substance abuse treatment and random drug testing at the Drug Addiction Services of Hawaii, Inc. (DASH), Honolulu, Hawaii. The subject was later transferred to the recently contracted federal treatment provider, Freedom Recovery Services (FRS), Honolulu, Hawaii, to resume substance abuse treatment and periodic drug testing.

This report concerns the following:

On 7/20/2006, FRS reported that the subject failed to report for drug testing on 7/19/2006. This officer left several messages for the subject on his cellular phone and at his family residence. After the subject failed to contact the Probation Office, a written reprimand was forwarded to the subject's residence which admonished him for his noncompliance and noted that his violation would be further discussed during a previously scheduled office visit on 7/27/2006. The subject was warned that further noncompliance would not be tolerated.

On 7/27/2006, the subject failed to report to the Probation Office as instructed and attempts to contact the subject were unsuccessful. On 8/1/2006, the subject left a telephonic message while this officer was out of district. In the message, the subject admitted to failing to report for drug testing on 7/19/2006 and to the scheduled office visit on 7/27/2006. In addition, the subject stated that he wanted to discuss his misconduct with this officer.

Prob 12B
(7/93)

3

On 8/9/2006, this officer made telephonic contact with the subject at his residence and admonished him for his noncompliant behavior. In response, the subject admitted to the aforementioned violations and that he had relapsed on or about 7/19/2006 because of personal problems involving his girlfriend. The subject then reported to the U.S. Probation Office and provided a urine specimen that tested presumptively positive for marijuana and methamphetamine. The specimen was forwarded to Scientific Testing Laboratories, Inc., and later confirmed positive for marijuana and methamphetamine. The subject expressed remorse for his misconduct and a willingness to address his relapse with further substance abuse treatment. Consequently, the subject was referred to FRS to enroll in Intensive Outpatient Treatment (IOP).

On 8/16/2006, Certified Substance Abuse Counselor Stephanie Tsai-Burch reported that the subject reported as instructed for processing at FRS and was placed in the IOP program. Based on his past relapse involving alcohol, Certified Substance Abuse Counselor Tsai-Burch advised that IOP treatment was an appropriate level of treatment with random drug testing and close monitoring. She added that the subject has been actively participating in all aspects of treatment.

Based upon his past compliance and willingness to address his relapse, the subject was placed in the highest frequency of drug testing and enrolled in an IOP substance abuse program at FRS. Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community. In considering the foregoing steps to address his recent relapse, it is recommended that the Court take no further action against the subject.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The

Prob 12B
(7/93)

4

subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 8/29/2006

THE COURT ORDERS:

[ ✓ ]  The Modification of Conditions as Noted Above
[   ]  Other

SUSAN OKI MOLLWAY
U.S. District Judge
AUG 2 9 2006

Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

Mandatory Condition:   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

Witness: _____   Signed: _____
CARTER A. LEE                          EDGAR WILLIAMS
U.S. Probation Officer                 Supervised Releasee

8/22/06
Date