

Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## SEALED BY ORDER OF THE COURT
### United States District Court
### for the
### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 27 2007

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

U.S.A. vs. EDGAR WILLIAMS                                    Docket No. CR 03-00270SOM-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of EDGAR WILLIAMS, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 18th day of October 2004, who fixed the period of supervision at six (6) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant participate in anger management counseling at the discretion and direction of the Probation Office.

4. That the defendant provide the Probation Office access to any requested financial information.

5. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

On 8/30/2006, the Court modified the offender's conditions of supervised release as follows:

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision (mandatory condition).

On 9/20/2006, the Court revoked supervised release for the following violations: 1) The subject was convicted of Operating a Vehicle While Under the Influence of an Intoxicant on 10/10/2005; 2) The subject refused to submit to drug testing at Freedom Recovery Services (FRS) on



1/23/2006, 2/22/2006, 4/22/2006, 7/19/2006, 8/25/2006, and 9/8/2006; 3) The subject failed to follow the 7/12/2006 and 8/9/2006 verbal instructions to report to the U.S. Probation Office; 4) The subject's 8/9/2006 urine specimen tested positive for methamphetamine and marijuana, and the subject's 8/31/2006 urine specimen tested positive for methamphetamine. The subject was sentenced to eight (8) months imprisonment to be followed by sixty-four (64) months of supervised release. The following special conditions were imposed:

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5. That the defendant reside at and participate in a residential reentry center such as Mahoney Hale for a period not to exceed 180 days.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Judgment attached) as follows:

1. On 11/15/2007, the offender engaged in conduct constituting a crime in the State of Hawaii, to wit, Assault in the Third Degree, in violation of Hawaii Revised Statute (H.R.S.) § 707-712 and in violation of the General Condition.

2. The offender failed to notify the Probation Officer ten days prior to any change in employment, in violation of Standard Condition No. 6.

Prob 12C  
(Rev. 1/06 D/HI)

3

3. The offender's urine specimen of 11/7/2007 tested positive for methamphetamine, in violation of the General Condition.

4. The offender refused to comply with drug testing taken as part of the treatment regimen on 5/25/2007 and 6/12/2007, in violation of Special Condition No. 1.

5. The offender failed to attend substance abuse counseling at Freedom Recovery Services (FRS) on 8/12/2007 and 8/19/2007, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   11/26/2007

FRANK M. CONDELLO, II  
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.  
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 26th day of November, 2007, and ordered filed and made a part of the records in the above case.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
U.S. District Judge

Re:   **WILLIAMS, Edgar**
      **Criminal No. CR 03-00270SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**


### STATEMENT OF FACTS

The offender pled guilty to Counts 1 - 3: Possession With Intent to Distribute and Distribution of Methamphetamine Within 1,000 Feet of an Elementary School, Class B felonies. He was sentenced by Your Honor on 10/18/2004 to twelve (12) months and two (2) days imprisonment as to each of Counts 1, 2, and 3, with all terms to run concurrently. The offender's term of imprisonment was ordered to be followed by six (6) years of supervised release as to each of Counts 1, 2, and 3, with all terms to run concurrently. The offender began his first supervised release term on 7/25/2005.

On 9/20/2006, the offender's supervised release was revoked and Your Honor sentenced him to eight (8) months imprisonment to be followed by sixty-four (64) months of supervised release. The offender began his second supervised release term on 5/17/2007. The special conditions are noted on page 2 of the petition.

The offender's adjustment on supervision has been unstable. Although the offender worked for the majority of the time he was on supervision, he quit one job at the beginning of supervision because he believed he was not getting enough hours, and recently was terminated from his employment after being involved in a physical altercation with another employee. The offender complied with substance abuse counseling and random drug testing except for the below mentioned violations.

**Violation Nos. 1 and 2 - Engaged in Conduct Constituting Assault in the Third Degree; and Failed to Notify the Probation Officer ten Days Prior to any Change in Employment:** On 11/20/2007, the offender reported to the Probation Office. He admitted that on 11/15/2007, he was terminated from his employment at Cheesecake Factory after getting into a physical altercation with another employee. Specifically, during an argument with the victim, Vu Hardestiy, the offender repeatedly punched Mr. Hardestiy in the face until he was subdued by other workers. The offender also stated that he punched Mr. Hardestiy over an argument about throwing garbage on the floor in the kitchen area. When Mr. Hardestiy talked back to the offender he could not control his anger and "cracked." The offender stated that he did not know what else to do but to punch Mr. Hardestiy repeatedly. The offender further admitted that he left the restaurant prior to the arrival of police officers.

According to Honolulu Police Department (HPD) Report No. 07-456366, on 11/15/2007 at approximately 8:20 p.m., police officers were dispatched to the Cheesecake Factory restaurant to investigate an assault. Upon arrival, police officers observed the victim, Mr. Hardestiy, seated on an office chair. Mr. Hardestiy had sustained an abrasion at the top of his nose, just between his eyes. A statement was taken from Kitchen Manager, Kalani Johnson. He stated that he observed a scuffle between the offender and Mr. Hardestiy. According to Mr. Johnson, the offender repeatedly hit Hardestiy. During the altercation,

Re: **WILLIAMS, Edgar**
**Criminal No. CR 03-00270SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

Mr. Johnson did not notice Mr. Hardestiy throw any punches back at the offender. Mr. Hardestiy was transported by ambulance to The Queen's Medical Center for treatment and evaluation of his injuries. This case is under investigation and the offender has not been arrested for this offense.

Standard Condition No. 6 requires advance notification of a change in employment. Although providing advance notification is not possible for an unanticipated termination, the offender waited five (5) days to report his termination from his employment at the Cheesecake Factory.

**Violation No. 3 - Urine Specimen of 11/7/2007 Tested Positive for Methamphetamine:** On 11/7/2007, the offender reported to the Probation Office and admitted that he used marijuana and methamphetamine on 11/2/2007. The offender stated that just after finishing work on 11/2/2007, he got the urge to use illicit drugs. The offender used marijuana and methamphetamine, and continued his illicit drug use over that weekend.

Per the General Condition, this officer instructed the offender to submit a urine specimen for testing. The offender's urine specimen was tested with a non-instrumented drug testing device (NIDTD) and was presumptively positive for methamphetamine. The specimen was forwarded to a laboratory and confirmed to be positive for methamphetamine. The specimen was not confirmed positive for marijuana. The offender was reprimanded for his illicit drug use and instructed to contact FRS about entering Intensive Outpatient (IOP) treatment.

**Violation No. 4 - Refused to Comply With Drug Testing Taken as Part of the Treatment Regimen on 5/25/2007 and 6/12/2007:** Our office was informed by FRS that on 5/25/2007 and 6/12/2007, the offender failed to submit to drug testing that was part of his substance abuse regimen at FRS. Because the offender was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing.

With regard to the missed drug tests on 5/25/2007 and 6/12/2007, the offender stated that he simply forgot to call FRS. The offender was verbally admonished and on 6/20/2007 was served with a written reprimand for his violations.

**Violation No. 5 - Failed to Attend Substance Abuse Counseling on 8/12/2007 and 8/19/2007:** Per the special condition, the offender was referred to outpatient substance abuse counseling at FRS. Our office was notified by FRS that on 8/12/2007 and 8/19/2007, the offender showed up for counseling but left after fifteen (15) minutes without speaking to any staff members. When confronted by this officer, the offender stated that he did not like the counseling and would no longer go because he did not think he needed it. The offender was

Re:   **WILLIAMS, Edgar**
     **Criminal No. CR 03-00270SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 3**

admonished for his behavior and warned that a refusal to participate in counseling may result in revocation of his supervised release.

Based on the violations, the offender appears to lack self-control in that he used illicit drugs and engaged in assaultive behaviors. The offender appears to be at a loss as to why he allowed his anger to escalate to such a level. Although the offender participated in various substance abuse treatment modalities and received a significant amount of counseling and drug education, he succumbed to his craving to use illicit drugs. The offender's drug use and propensity to engage in assaultive behaviors suggest that he poses a risk to the community. It is respectfully recommend that the Court issue a NO BAIL warrant for his appearance to show cause why supervised should not be revoked.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

FMC/dck

Re:  **WILLIAMS, Edgar**
     **Criminal No. CR 03-00270SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 4**

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

That the defendant participate in an anger management counseling program at the discretion and direction of the Probation Office.

Case 1:03-cr-00270-SOM   Document 48   Filed 09/22/2006   Page 1 of 6

AO 245D     (Rev. 12/03) Sheet 1 - Judgment in a Criminal Case for Revocation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 22 2006

at 1 o'clock and 10 min. P M
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

RECEIVED
SEP 25 2006
U.S. PROBATION OFFICE
HONOLULU, HAWAII

UNITED STATES OF AMERICA
v.
**EDGAR WILLIAMS**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)

Criminal Number:   **1:03CR00270-001**
USM Number:        **89273-022**

Stuart Fujioka, Esq.
Defendant's Attorney

## THE DEFENDANT:

[✓]   admitted guilt to violation of conditions  __18 USC 3583(g)(3), HRS 291E-61, General Condition, Standard Condition No. 3, and Special Condition No. 1__  of the term of supervision.
[ ]   was found in violation of condition(s) _____ after denial or guilt.

| **Violation Number** | **Nature of Violation** | **Date Violation Occurred** |
|---|---|---|
| See next page. | | |

The defendant is sentenced as provided in pages 2 through _5_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:

Defendant's Residence Address:
**Honolulu, Hawaii 96819**

Defendant's Mailing Address:
**Honolulu, Hawaii 96819**

SEPTEMBER 20, 2006
Date of Imposition of Sentence

_/s/ Susan Oki Mollway_
Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

SEP 21 2006
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet 1

| | | |
|---|---|---|
| CASE NUMBER: | 1:03CR00270-001 | Judgment - Page 2 of 5 |
| DEFENDANT: | EDGAR WILLIAMS | |

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Subject was convicted of Operating a Vehicle While Under the Influence of an Intoxicant | 10/10/05 |
| 2 | Subject refused to submit to drug testing at Freedom Recovery Services, Inc. (FRS), | 1/23/06<br>2/22/06<br>4/22/06<br>7/19/06<br>8/25/06 and<br>9/8/06 |
| 3 | Subject failed to follow the verbal instructions to report to the U.S. Probation Office | 7/12/06 and<br>8/9/06 |
| 4 | Subject's urine specimen tested positive for amphetamine/methamphetamine and marijuana | 8/9/06 |
| | Subject's urine specimen tested positive for amphetamine/methamphetamine | 8/31/06 |
| 5 | Subject refused to participate in Intensive Outpatient Treatment (IOP) at FRS | 8/21/06 and<br>8/28/06 |

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
         Sheet 2 - Imprisonment

CASE NUMBER:     1:03CR00270-001
DEFENDANT:       EDGAR WILLIAMS

Judgment - Page 3 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: EIGHT (8) MONTHS

[ ]  The court makes the following recommendations to the Bureau of Prisons:

[✔]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
     [ ] at ___ on ___.
     [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     [ ] before _ on ___.
     [ ] as notified by the United States Marshal.
     [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
   Deputy U.S. Marshal

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

CASE NUMBER:  1:03CR00270-001
DEFENDANT:    EDGAR WILLIAMS

Judgment - Page 4 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: SIXTY FOUR (64) MONTHS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

That the defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement on supervision and at least two periodic drug tests thereafter, but not more than 8 valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

[ ]  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 6/05) Judgment in a Criminal Case
        Sheet 3 - Supervised Release

CASE NUMBER:    1:03CR00270-001                                             Judgment - Page 5 of 5
DEFENDANT:      EDGAR WILLIAMS

# SPECIAL CONDITIONS OF SUPERVISION

EW.

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5. That the defendant reside at and participate in a residential reentry center such as Mahoney Hale for a period not to exceed 180 days.

**ACKNOWLEDGMENT OF CONDITIONS**
I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant: Edgar Williams    Date: 4/2/17
United States Probation Officer    Date: 4/2/17

**ACKNOWLEDGMENT OF CONDITIONS**
I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.
I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant: Edgar Williams    Date: 5/17/07
United States Probation Officer    Date: 5/17/07



KALIHI-PALAMA-CHINATOWN-McCULLY-ALA MOANA SITE (MIDDLE SECTION)